IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LACHELLE CAISON, individually and for all others similarly situated, | ) ) ) ) Case No. 1:17-cv-2786 |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| SOGETI USA, LLC, TASSER TECHNOLOGIES, INC., and NET2SOURCE INC. | ) ) ) JURY TRIAL DEMANDED ) ) |
| Defendants. | ) ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff LaChelle Caison ("Plaintiff"), individually and on behalf of all other similarly situated employees, by and through her undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and class action under Federal Rule of Civil Procedure 23 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, against Defendants Sogeti USA, LLC ("Sogeti"), Tasser Technologies, Inc. ("Tasser"), and Net2source Inc. ("Net2source") (collectively, "Defendants"), their subsidiaries and affiliates, and alleges upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

## NATURE OF ACTION

1. Plaintiff contends that Defendants, who employed Plaintiff and other hourly-paid Business Analysts, or other similarly titled positions (collectively, "Class Members"), violated the FLSA and the IMWL by knowingly suffering or permitting Plaintiff and Class Members to work in excess of 40 hours per week without compensating them at the proper overtime rate for those additional hours.

1

2. Defendants provide staffing services to corporate clients. Defendants and their client companies engage in a "fissured employment"[1] scheme in which client companies contract with Defendants to recruit, hire and assign individuals to perform work for the client companies at their offices. These workers are hired by Defendants as W-2 employees, and Defendants issue their paychecks. The client companies, however, oversee the workers' day-to-day work.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit. (Exhibit A).

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in or conduct business within this District, and the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

---

[1] Fissured employment describes the practice of a large company attempting to shed its role as a direct employer and purporting to disassociate itself from the workers responsible for its client services (albeit maintain tight control over the method, manner, quantity, and quality of work). The practice of outsourcing an employer's responsibilities and obligations to subordinate entities and subcontractors is highly profitable for corporations, but results in stagnation of wages and benefits and causes rampant violations of wage-and-hour laws. *See e.g.*, David Weil, *The Fissured Workplace: Why Work Became So Bad for So Many and What Can Be Done to Improve It* (Harvard Univ. Press, Feb. 3, 2014); David Weil, *Enforcing Labour Standards in Fissured Workplaces: The US Experience*, 22 Econ. & Lab. Rel. Rev. 2, at 33-54 (July 2011).

## PARTIES

7. Representative Plaintiff LaChelle Caison is an adult citizen and resident of Illinois who worked for Defendants as an hourly-paid Business Analyst from on or about July 31, 2014, to April 1, 2016.

8. Throughout this period, LaChelle Caison was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL 820 ILCS § 105/3(d).

9. Defendant Sogeti USA, LLC is a Delaware corporation with its principal place of business located at 10100 Innovation Drive, Suite 200, Dayton, Ohio. Sogeti is a services company that, among other things, provides staffing services to clients throughout this judicial District, nationally, and globally.

10. Defendant Tasser Technologies, Inc. is a California corporation with its principal place of business located at 43252 Christy Street, Fremont, California. Tasser is a staffing agency that provides services to clients throughout this judicial District, nationally, and globally.

11. Defendant Net2source Inc. is a New Jersey corporation with its principal place of business located at One Evertrust Plaza, Suite 305, Jersey City, New Jersey. Net2source is a staffing agency that provides services to clients throughout this judicial District, nationally, and globally.

12. At all relevant times, Defendants employed Plaintiff and Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 115/2. At all relevant times, Defendants maintained control over Plaintiff and Class Members, including payroll and other employment practices that applied to them.

13. Defendants are covered by the FLSA because they are each an "enterprise" under the FLSA, 29 U.S.C. § 203(s)(1)(A). Defendants have employees engaged in commerce and revenue that exceeds $500,000.00.

## FACTUAL ALLEGATIONS

14. Plaintiff and Class Members are individuals whom Defendants recruited and hired to work for client companies as hourly-paid Business Analysts, or other similarly titled positions, during the statutory period. Plaintiff and Class Members all share similar job titles, job descriptions, job requirements and compensation plans, among other things.

15. Upon information and belief, Defendants have contractual relationships with client companies and between one another in which Defendants recruit and hire individuals to work for the clients, assign such workers to those clients and then charge them for the work performed by these workers. Upon information and belief, Defendants include an upcharge or margin for the time worked by the workers for their clients.

16. Defendants provide Plaintiff and Class Members' onboarding paperwork and employment agreements. Defendants classify Plaintiff and Class Members as W-2 employees, maintain their timekeeping system, and issue their paychecks.

17. Plaintiff was recruited by Sogeti to work for Abbott Laboratories, Inc. ("Abbott") as an hourly-paid Business Analyst in Abbott's Access Administration division located in Gurnee, Illinois. In addition, Sogeti subcontracted with vendors Tasser and Net2source, to employ Plaintiff.

18. Pursuant to their scheme to deprive Plaintiff and Class Members of overtime pay, Defendants dictated, controlled and ratified the wage and hour and relative compensation policies that applied to Plaintiff and Class Members.

19. Defendants encouraged, required, suffered, and/or permitted Plaintiff and Class Members to work, and they routinely did work, in excess of 40 hours in given workweeks without compensation for overtime wages earned at a rate of one and one-half times their regular rate. Rather, Defendants paid Plaintiff and class members at their regular straight-rate for all time worked and recorded, including time worked over 40 hours a week.

20. Defendants were aware, or should have been aware, that Plaintiff and Class Members were not subject to an exemption from the payment of overtime compensation.

21. The conduct alleged above reduced Defendants' labor and payroll costs.

22. Plaintiff and Class Members were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation. Namely, Defendants withheld the legally required half-time premium for time worked by Plaintiff and Class Members in excess of 40 hours per week. As a result of Defendants' improper and willful failure to pay Plaintiff and Class Members in accordance with the requirements of the FLSA and IMWL, Plaintiff and Class Members suffered lost wages and other damages.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

23. Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendants' violation of the FLSA.

24. Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly situated individuals:

> All individuals who were recruited and hired by one or more Defendants as W-2 employees to work for client companies as hourly paid Business Analysts, or any other similarly titled position, during the applicable statute of limitations period who were not paid overtime compensation at 1½ times

their regular hourly rate for time worked in excess of forty (40) hours in given workweeks (the "FLSA Collective").

25. Plaintiff is a member of the FLSA Collective she seeks to represent because she was recruited and hired by Defendants to work for Abbott as an hourly paid Business Analyst during the relevant period and was routinely required, suffered or permitted to work more than 40 hours per week without proper overtime compensation.

26. Although Plaintiff and the members of the FLSA Collective may have had different job titles, been hired by different Defendants, and/or worked in different locations throughout the relevant period, this action may be properly maintained as a collective action because Plaintiff and members of the FLSA Collective were similarly situated. Specifically:

　　a. Plaintiff and members of the FLSA Collective were recruited and hired by one or more Defendants;

　　b. Plaintiff and members of the FLSA Collective were assigned to work for client companies;

　　c. The client companies classified Plaintiff and members of the FLSA Collective as contractors;

　　d. Defendants required Plaintiff and members of the FLSA Collective to follow their company policies, practices and directives;

　　e. Plaintiff and members of the FLSA Collective were all hourly paid employees;

　　f. Plaintiff and members of the FLSA Collective worked in excess of 40 hours per week;

　　g. Regardless of their job title or location, Defendants did not pay Plaintiff and members of the FLSA Collective an overtime premium of one and one-half times their regular hourly rate for all time worked in excess of 40 hours per week; and

　　h. Defendants maintained common timekeeping and payroll systems and policies with respect to Plaintiff and members of the FLSA Collective, regardless of their job title or location.

27. Defendants encouraged, suffered and/or permitted Plaintiff and members of the FLSA Collective to work more than 40 hours per week without proper overtime compensation.

28. Defendants knew or should have known that Plaintiff and members of the FLSA Collective performed work that required overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive the Plaintiff and members of the FLSA Collective of overtime compensation.

29. Defendants' conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

30. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and members of the FLSA Collective. Plaintiff requests that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

31. Upon information and belief, Plaintiff estimates that there are over fifty (50) similarly situated current and former members of the FLSA Collective who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

32. The precise number of members of the FLSA Collective can be easily ascertained using Defendants' personnel, time, and payroll records and other records. Given the composition and size of the FLSA Collective, its members may be informed of the pendency of this action directly via U.S. mail, e-mail and otherwise.

## IMWL CLASS ALLEGATIONS

33. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Plaintiff brings claims for relief on her own behalf and as a representative of a class under the IMWL, 820

ILCS 105/1, *et seq.*, to recover unpaid overtime compensation, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendants' violation of the IMWL.

34. Plaintiff seeks class certification under Rule 23 for the following class under the IMWL:

> All individuals who were recruited and hired by one or more Defendants as W-2 employees to work for client companies in the state of Illinois as hourly paid Business Analysts, or any other similarly titled position, during the applicable statute of limitations period who were not paid overtime compensation at 1½ times their regular hourly rate for time worked in excess of forty (40) hours in given workweeks (the "IMWL Class").

35. This action is properly maintained as a class action under Rule 23(a) and Rule 23(b) because:

　　a. The IMWL Class is so numerous that joinder of all members is impracticable;

　　b. There are questions of law or fact that are common to the IMWL Class;

　　c. The claims or defenses of the Plaintiff are typical of the claims or defenses of the IMWL Class; and,

　　d. The Plaintiff will fairly and adequately protect the interests of the IMWL Class.

### **Numerosity**

36. Upon information and belief, Plaintiff estimates that the total number of putative IMWL Class members represents at least (50) individuals. The precise number of IMWL Class members can be easily ascertained using Defendants' personnel, time, and payroll records and other records.

### **Commonality**

37. There are numerous and substantial questions of law and fact common to the IMWL Class members, including, without limitation, the following:

a. Whether Defendants failed to pay the IMWL Class proper overtime pay for hours worked in excess of 40 hours per workweek as required by the IMWL;

b. Whether Defendants maintained common timekeeping and payroll systems and policies with respect to Plaintiff and the IMWL Class, regardless of their job title or location;

c. Whether Defendants willfully or recklessly disregarded the law in implementing their wage and hour policies applicable to the IMWL Class; and

d. The nature and extent of the class-wide injury and the appropriate measure of damages for the IMWL Class.

38. Plaintiff anticipates that Defendants will raise defenses that are common to the IMWL Class.

### Adequacy

39. Plaintiff will fairly and adequately protect the interests of all members of the IMWL Class, and there are no known conflicts of interest between Plaintiff and IMWL Class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically in wage and hour litigation.

### Typicality

40. The claims asserted by the Plaintiff are typical of the IMWL Class members she seeks to represent. The Plaintiff has the same interests and suffers from the same unlawful practices as the IMWL Class members.

41. Upon information and belief, there are no other IMWL Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should

become known, he or she can opt out of this action pursuant to Rule 23.

**<u>Common Questions of Law and Fact Predominate and a Class Action is
Superior to Joinder of Claims or Individual Lawsuits</u>**

42. The common questions identified above predominate over any individual issues because Defendants' conduct and the impact of their policies and practices affected IMWL Class members in the same manner: they were suffered and/or permitted to work overtime without proper overtime pay.

43. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

44. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

45. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

46. Defendants operate an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

47. Plaintiff and the members of the FLSA Collective are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

48. Section 207(a)(1) of the FLSA states that an employee must be paid an overtime rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

49. Throughout the relevant period, Defendants violated the FLSA by routinely suffering or permitting Plaintiff and members of the FLSA Collective to work overtime hours without paying them proper overtime compensation.

50. Throughout the relevant period, Plaintiff and members of the FLSA Collective worked in excess of 40 hours per week, but were not paid an overtime premium of one and one-half times their regular hourly rate for those additional hours.

51. Plaintiff and members of the FLSA Collective are not subject to any exemption.

52. Defendants' violations of the FLSA, as described herein, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and members of the FLSA Collective.

53. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

54. Plaintiff and members of the FLSA Collective have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendants derived a direct and substantial benefit.

55. As a result of the unlawful acts of Defendants, Plaintiff and members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

56. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

57. Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

58. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate for all hours worked over forty 40 per workweek. Section 105/12 of the IMWL provides that employers who violate the provisions of the act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

59. Throughout the relevant period, Plaintiff and the IMWL Class members worked in excess of 40 hours per week, but were not paid an overtime premium of one and one-half times

their regular hourly rate for those additional hours.

60. Defendants required, suffered or permitted Plaintiff and the IMWL Class members to work in excess of 40 hours per week without proper overtime compensation.

61. Defendants engaged in a widespread pattern, policy and practice of violating the IMWL by failing and refusing to pay Plaintiff and the IMWL Class members overtime compensation as required by law and in accordance with Section 105/4(a) of the IMWL.

62. Plaintiff and the IMWL Class are not subject to any exemption.

63. As a result of Defendants' violations of the IMWL, Plaintiff and the IMWL Class members have suffered and will continue to suffer a loss of income and other damages.

64. As a result of Defendants' unlawful conduct, they are liable to Plaintiff and the IMWL Class members for actual damages, statutory damages, and equitable relief, as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LaChelle Caison, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against the Defendants and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

a. Certify a collective action under Count I and designate Plaintiff as representative of all those employees similarly situated;

b. Order Defendants to furnish to counsel a list of all names, telephone numbers, email addresses and current (or best known) home addresses of the members of the proposed FLSA Collective;

c. Authorize Plaintiff's counsel to issue notice at the earliest possible time informing the members of the FLSA Collective that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if

they were deprived of proper overtime compensation, as required by the FLSA;

d. Certify a class action under Count II;

e. Appoint Stephan Zouras, LLP as counsel for the IMWL Class under Rule 23(g);

f. Declare and find that Defendants committed one or more of the following acts:

   i. Violated overtime provisions of the FLSA by failing to pay proper overtime wages to Plaintiff and similarly situated persons who opt-in to this action;

   ii. Willfully violated provisions of the FLSA; and

   iii. Violated overtime provisions of the IMWL by failing to pay proper overtime wages to Plaintiff and IMWL class members.

g. Award compensatory damages, including all pay owed, in an amount according to proof under the FLSA and IMWL;

h. Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL;

i. Award pre-judgment interest on all compensatory damages due;

j. Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

k. Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and IMWL;

l. Grant leave to amend to add claims under applicable state and federal laws;

m. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

n. For such further relief as the Court deems just and equitable.

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury.

Dated: April 13, 2017                Respectfully Submitted,

/s/ Ryan F. Stephan
Ryan F. Stephan
James B. Zouras
Teresa M Becvar
STEPHAN ZOURAS, LLP
205 North Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233 1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com

*Counsel for Plaintiff and the Putative Collective and Class*