# EXHIBIT A

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8ED-630A940B7936

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release (the "Agreement") is entered into between LaChelle Caison (the "Named Plaintiff"), on behalf of herself individually and on behalf of a collective group of similarly situated individuals, on the one hand, and Sogeti USA LLC through its successor in interest Capgemini America, Inc. ("Sogeti" or "Defendant"), on the other hand.

Sogeti and the Named Plaintiff (collectively, the "Settling Parties") agree to do all things and procedures reasonably necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by Sogeti of the consideration expressed in this Agreement subject to the terms, conditions and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims as set forth in this Agreement; and (c) other valuable monetary and consideration as set forth in this Agreement. This Agreement is entered into voluntarily by the Settling Parties for settlement purposes only.

### RECITALS

**WHEREAS**, the Named Plaintiff has asserted claims against Sogeti under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*, based on the alleged failure to pay overtime compensation to the Named Plaintiff and others similarly situated; and

**WHEREAS**, the purpose of this Agreement is to settle fully and finally all Released Claims (as hereinafter defined) that the Named Plaintiff and any Potential Opt-In Plaintiffs (as hereinafter defined) who opt in to the Litigation (as hereinafter defined) may have against Sogeti; and

**WHEREAS**, Sogeti denies that it has committed any wrongdoing or violated any federal, state or local laws pertaining to payment of wages or hours worked, and further denies that it is liable or owes back wages or any overtime compensation to anyone with respect to the alleged facts or causes of action asserted in the Litigation; and

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8FD-630A940B7936

**WHEREAS**, Named Plaintiff and Sogeti agreed to engage in discussions regarding the possibility of a voluntary resolution of the asserted FLSA and state wage and hour claims at issue; and

**WHEREAS**, on December 7, 2017, the Settling Parties participated in a mediation session of this matter with experienced wage and hour JAMS mediator Judge Morton Denlow (retired), and pursuant to that mediation subsequently reached an accord resulting in this Agreement; and

**WHEREAS**, the Settling Parties agreed to settle and resolve any and all claims that could be asserted in the Litigation pursuant to the terms of this Agreement, in order to avoid the burden, expense, risks and uncertainty of litigation; and

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, and intending to be legally bound, the Settling Parties hereto agree to a full and complete settlement of the Litigation and release of claims on the following terms and conditions:

## INDEX

RECITALS ........................................................................................................1

I.      DEFINITIONS ...................................................................................6

II.     CONSENT TO COURT-FACILITATED NOTICE ......................................10

        A.      Consent to Notice ..................................................................10

        B.      Cooperation ..........................................................................10

III.    SETTLEMENT APPROVAL PROCEDURE ...............................................10

        A.      Filing Deadlines.....................................................................10

        B.      Agreement Null and Void Absent Approval ...............................10

IV.     MODE, CALCULATION AND TIMING OF PAYMENT ...............................10

        A.      Notice of Settlement ...............................................................10

        B.      Sogeti's Payment Obligations ...................................................13

                1.      Gross Fund ...................................................................13

                2.      Timing of Payment ........................................................13

        C.      Settlement Administration .......................................................13

                1.      Settlement Administrator Responsibilities........................13

                2.      Reporting by Settlement Administrator ............................15

        D.      Creation and Implementation of a Qualified Settlement Fund .......15

                1.      Establishing the Qualified Settlement Fund.......................15

                2.      Administering the Settlement Fund ..................................15

                3.      Tax Withholding and Reporting.......................................15

                        a.      Employment Taxes...............................................15

                        b.      Fund Taxes. .......................................................16

                        c.      Other Payments and Indemnification.......................16

                        d.      Communication with Sogeti and Counsel..................17

        E.      Allocation of the Settlement Fund .............................................17

|   |   |   |   |
|---|---|---|---|
|   | 1. | Settlement Awards ............................................................17 |
|   | 2. | Settlement Fund Fees and Expenses .................................17 |
|   | 3. | Service Payment ...............................................................17 |
|   | 4. | Attorneys' Fees and Litigation Costs Amounts.................18 |
| F. | Payments to Potential Opt-In Plaintiffs ..................................18 |
|   | 1. | Timing of Payments .........................................................18 |
|   | 2. | Taxes on the Individual Settlement Payments .................18 |
|   | 3. | Tax Advice ........................................................................19 |
|   | 4. | Employee Benefits ............................................................19 |
| V. | RELEASE ................................................................................19 |
| A. | Release By Opt-In Plaintiffs ...................................................19 |
| B. | General Release By Named Plaintiff .......................................19 |
| VI. | NOTICES .................................................................................20 |
| VII. | REPRESENTATION BY COUNSEL ......................................20 |
| VIII. | NO ADMISSION OF LIABILITY ............................................20 |
| IX. | MODIFICATION OF AGREEMENT .......................................21 |
| X. | CONSTRUCTION AND INTERPRETATION...........................21 |
| A. | Entire Agreement .....................................................................21 |
| B. | No Reliance on Representations or Extrinsic Evidence ...................21 |
| C. | Controlling Law .......................................................................22 |
| D. | Severability ..............................................................................22 |
| XI. | COUNTERPARTS .....................................................................22 |
| XII. | BINDING EFFECT ....................................................................22 |
| XIII. | ATTORNEY FEES, COSTS AND EXPENSES ........................22 |
| XIV. | AUTHORITY OF COUNSEL .....................................................23 |
| A. | Facsimile, Electronic, and Email Signatures .......................23 |

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8FD-630A940B7936

**B.    Voluntary Signature** ............................................................**23**

**C.    Warranty of Counsel** .........................................................**23**

**XV.    WAIVER OF APPEAL** ............................................................**23**

**XVI.    CONTINUING JURISDICTION** ..........................................**24**

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8ED-630A940B7936

## I.     DEFINITIONS

A.     "Agreement" means this Joint Stipulation of Settlement and Release.

B.     "Applicable Class Period" means the period of time between April 13, 2014 and November 17, 2017.

C.     "Approval Order" means the Court's order approving the Agreement and dismissing the Litigation without prejudice, which shall convert to with prejudice on the date Plaintiffs' Counsel files the opt-in consents and releases contained on the negotiated settlement checks with the Court.

D.     "Attorneys' Fees" means the attorneys' fees payable to Plaintiffs' Counsel in connection with the Litigation, which the Court approves.

E.     "Consent Motion" means the Motion for Order Approving Settlement of Collective Action.

F.     "Court" means the U.S. District Court of the Northern District of Illinois, Eastern Division, assigned to the Litigation.

G.     "Effective Date" means the first business day after the date that the Approval Order becomes final. For purposes of this definition, the Approval Order "becomes final" upon the date the Court enters final approval of the Agreement.  In the event that the Court does not approve the Agreement and/or does not enter an Approval Order, then there shall be no Effective Date.

H.     "Employer's Share of Payroll Taxes" means the employer's share of federal, state and local payroll taxes or contributions imposed by applicable law (i.e. the employer's share of all FICA, FUTA, SUTA, Medicare, and/or state unemployment taxes).

I.     "Gross Fund" means the maximum amount of Three Hundred and Twenty-Five Thousand Dollars ($325,000.00) that Sogeti shall pay to settle the Litigation, including all Settlement Awards, Service Payment, Attorneys' Fees, Litigation Costs, and Settlement Administration Costs, but excluding the Employer's Share of Payroll Taxes.

J.     "Litigation" means the civil action filed by Plaintiff in the U.S. District Court of the Northern District of Illinois, Eastern Division entitled *Caison, et al. v. Sogeti USA, LLC, et al.*, Case No. 17-cv-2786.

K.     "Litigation Costs" means the reasonable costs and expenses incurred by Plaintiffs' Counsel in connection with the Litigation.

L.     "Master Data Base" means the data base provided by Sogeti's Counsel to Plaintiffs' Counsel on November 21, 2017.

M.     "Mediator" means wage and hour JAMS mediator Judge Morton Denlow (retired).

N.     "Named Plaintiff" means LaChelle Caison.

O.     "Net Settlement Fund" means the remainder of the Gross Fund after deductions for: (i) a Service Payment awarded by the Court; (ii) Attorneys' Fees awarded by the Court; (iii) Litigation Costs awarded by the Court; and (iv) the Settlement Administration Costs.

P.     "Notice of Settlement" means the notice of collective action settlement (attached as Exhibit A) that will be directed to the Potential Opt-In Plaintiffs. The Notice of Settlement will provide a summary of the Litigation, a summary of the Settlement Agreement, information on how Potential Opt-In Plaintiffs can opt-in to or not opt-in to the settlement by cashing or not cashing the enclosed settlement check, and the scope of the release if the individual chooses to opt-in to the settlement by cashing the settlement check.

Q.     "Opt-In Plaintiffs" means the Potential Opt-In Plaintiffs who consent to join the FLSA collective action and release their Released Claims.

R.     "Plaintiffs' Counsel" means Stephan Zouras, LLP.

S.     "Potential Opt-In Plaintiffs" means the 99 hourly-paid Business Analysts who performed services at a Sogeti client company, which services were billed for by Sogeti, who were not paid 1 ½ times their regular hourly rate for hours worked in excess of forty in any given workweek during the Applicable Class Period, and who are identified on Exhibit B to this Agreement.

T.     "Released Claims" means all applicable claims for unpaid wages, overtime or other compensation, fees/costs, liquidated damages, penalties, and all other relief under the FLSA, the IMWL, and all other state and local wage/hour and wage payment laws arising on or before November 17, 2017.

U.     "Released Parties" means Sogeti USA, LLC, including its former and present officers, directors, employees, attorneys, insurers, benefit plans, predecessors, successors, parents, subsidiaries, members and corporate affiliates.

V.     "Reminder Notice" means a postcard to be sent to Potential Opt-In Plaintiffs who have not negotiated their Settlement Checks forty-five (45) days after the initial mailing of the Settlement Packet.

W.     "Service Payment" means the amount to be paid to the Named Plaintiff as payment for a general release of her claims against the Released Parties and her efforts for the benefit of all Potential Opt-In Plaintiffs, including assisting Plaintiffs' counsel with the prosecution of the Litigation, and which are approved by the Court.

X.     "Settlement Administration Costs" means all fees, expenses, and costs of the Settlement Administrator related directly or indirectly to its duties under this Agreement, including but not limited to all fees, expenses, and costs in connection with the Settlement Fund, and those duties related to notice, check cutting and mailing, reports to counsel, legal and accounting advice relating to the establishment of the Qualified Settlement Fund and tax treatment and tax reporting of awards, preparation of tax returns (and the taxes associated with such tax returns), all costs of redistribution, if any, and any other related duties.

Y.     "Settlement Administrator" means the Settlement Administrator selected by Plaintiffs' Counsel.

Z.     "Settlement Award" means the amount of each Potential Opt-In Plaintiffs' portion of the Net Settlement Fund prior to the withholding of the employee's share of taxes as set forth in

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8ED-630A940B7936

Section IV.F.2. below, which Plaintiffs' Counsel calculates pursuant to the allocation method set forth in this Agreement.

AA.     "Settlement Fund" means a "Qualified Settlement Fund" as described in Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, *et seq.*, to be established by the Settlement Administrator, titled "Sogeti Settlement Fund," and into which Sogeti will deposit the Gross Fund.

BB.     "Settlement Fund Taxes" means all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, if any, including any taxes or tax detriments that may be imposed on Sogeti with respect to income earned for any period during which the Settlement Fund does not qualify as a Qualified Settlement Fund for federal and state income tax purposes.

CC.     "Settlement Fund Tax Expenses" means expenses and costs incurred in connection with the operation and implementation of the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) any returns described herein or otherwise required to be filed pursuant to applicable authorities).

DD.     "Settlement Packet" means (i) the Notice of Settlement and (ii) the settlement check that will be mailed to the Potential Opt-In Plaintiffs.

EE.     "Settling Parties" means Sogeti and the Named Plaintiff.

FF.      "Sogeti" means Sogeti USA LLC through its successor in interest Capgemini America, Inc.

GG.     "Sogeti's Counsel" means Sullivan & Worcester LLP.

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8ED-630A940B7936

## II.     CONSENT TO COURT-FACILITATED NOTICE

A.     <u>Consent to Notice</u>.  For settlement purposes only, the Settling Parties agree that the Named Plaintiff and the Potential Opt-In Plaintiffs are similarly situated for purposes of 29 U.S.C. § 216(b) of the FLSA, and consent to Court-facilitated notice to the Potential Opt-In Plaintiffs.

B.     <u>Cooperation</u>.  The Settling Parties shall cooperate and present to the Court for its consideration in connection with the approval of the Agreement and Court-facilitated notice such information as may be reasonably requested by the Court for approving FLSA settlements and/or facilitated notice.

## III.    SETTLEMENT APPROVAL PROCEDURE

A.     <u>Filing Deadlines</u>.  Within fourteen (14) calendar days of this Agreement being executed, Plaintiffs' Counsel shall file the Consent Motion (after providing Sogeti's counsel with a reasonable opportunity to review and comment), attaching this Agreement, the Approval Order, and the Notice of Settlement advising the Potential Opt-In Plaintiffs of the material terms and provisions of the Agreement and their rights with respect to this settlement.

B.     <u>Agreement Null and Void Absent Approval</u>.  If the settlement is not approved and/or does not become final for any reason, then this Agreement purporting to settle the Litigation shall become null and void *ab initio* (except for this provision) and this Agreement shall have no bearing on, and shall not be admissible in connection with the Litigation or any other litigation for any purpose, including without limitation, whether class certification would be appropriate under the FLSA or any applicable state law, and whether the Named Plaintiff is similarly situated to the Potential Opt-In Plaintiffs, and Sogeti retains all defenses to the Litigation as if no Agreement had been reached.

## IV.    MODE, CALCULATION AND TIMING OF PAYMENT

A.     <u>Notice of Settlement</u>.

1.     Within fourteen (14) calendar days after the Effective Date, Sogeti shall provide the Settlement Administrator and Plaintiffs' Counsel with, as to each Potential Opt-In

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8ED-630A940B7936

Plaintiff: 1) name; 2) identification number previously assigned and disclosed to Plaintiffs' Counsel; 3) last known home address; 4) last known email address; 5) last known telephone number; and 6) states in which they were employed. Plaintiffs' Counsel will provide to the Settlement Administrator the settlement payment allocation for each Potential Opt-In Plaintiff. Prior to the mailing of the Settlement Packet to the Potential Opt-In Plaintiffs, the Settlement Administrator shall attempt to confirm the accuracy of the addresses through the United States Post Office's National Change of Address database and shall mail the Settlement Packet to any updated address obtained therefrom.

2.      Within twenty-one (21) calendar days after receiving the above-mentioned list of Potential Opt-In Plaintiffs, the Settlement Administrator shall mail, via First Class U.S Mail, in one mailing, all Settlement Packets, including the Notice of Settlement and settlement checks. The Potential Opt-In Plaintiffs will be provided with a summary of the basis for settlement in the Notice of Settlement and told that their endorsement of the settlement check will indicate their consent to join the FLSA collective action, participate in the settlement, and release their Released Claims. To the extent there are matters not covered in the Notice of Settlement or to the extent the Notice of Settlement is inconsistent with this Agreement, this Agreement shall govern and control.

3.      The back of the settlement checks mailed in the Settlement Packets shall state as follows: "By endorsing this check, I hereby consent to join the lawsuit captioned *Caison, et al. v. Sogeti USA, LLC, et al.*, Case No. 17-cv-2786, pending in the United States District Court for the Northern District of Illinois, agree to be bound by the Settlement Agreement negotiated by parties in that case, and release all federal and state wage and hour claims as described in the notice I received, and I authorize Plaintiffs' Counsel to file this consent to join with the Court on my behalf."

4.      If any Settlement Packet is returned as undeliverable without any indication of a more current address, the Settlement Administrator will undertake reasonable efforts to identify a current address and, if one is so identified, will mail the Settlement Packet to the new address.

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8ED-630A940B7936

5.     Forty-five (45) days after the initial mailing of the Settlement Packets, the Settlement Administrator shall send a Reminder Notice to the Potential Opt-In Plaintiffs who have not yet cashed their settlement checks, reminding them of their eligibility to participate in the settlement by negotiating their settlement checks.

6.     The Settlement Administrator will notify Plaintiffs' Counsel and Sogeti's Counsel within three (3) days of any dispute raised by a Potential Opt-In Plaintiff.  In the event of any dispute over a Potential Opt-In Plaintiff's Settlement Award, Plaintiffs' Counsel and Sogeti's Counsel will confer in good faith in an effort to resolve the dispute, and if Plaintiffs' Counsel and Sogeti's Counsel are unable to reach an agreement, Judge Morton Denlow (retired) shall decide the dispute, and his decision will be final. Any additional payment due as a result of any changes to a disputed Settlement Award shall be deducted from any unclaimed amounts before redistribution or distribution to the Settling Parties' designated *cy pres* recipient.

7.     Potential Opt-In Plaintiffs will have seventy-five (75) days after the mailing of their Settlement Packets to cash their settlement checks.  If any Potential Opt-In Plaintiff's settlement check is not cashed within 75 days, any unclaimed amounts shall be redistributed on a pro rata basis among Opt-In Plaintiffs, or, if the cost of redistribution is impractical, the unclaimed amounts shall be donated to the Settling Parties' designated *cy pres* recipient, the Chicago Bar Foundation. In the event there is a redistribution, Opt-In Plaintiffs will have sixty (60) days after mailing to cash their redistribution checks, and any unclaimed amounts after sixty (60) days shall be donated to the *cy pres* recipient.

8.     Within ten (10) days after the deadline for cashing the settlement checks, the Settlement Administrator shall provide to Sogeti's Counsel and Plaintiffs' Counsel a list of Opt-In Plaintiffs and shall provide electronic copies of all timely cashed checks.  Plaintiffs' Counsel will file the opt-in consents and releases contained on the negotiated settlement checks with the Court.

9.    At the conclusion of the settlement administration process, the Settlement Administrator shall also provide Sogeti's Counsel and Plaintiffs' Counsel with a register listing all Opt-In Plaintiffs who timely cashed their settlement checks, plus any redistribution checks, the total amount of settlement checks cashed, and the opt-in participation rate. The register shall include a master summary of Forms 1099 and W-2 amounts reported and tax withholdings.  The Settlement Administrator will maintain an electronic copy of such tax payments, filings and forms for the period required by law.

B.    Sogeti's Payment Obligations.

1.    Gross Fund.  In consideration for the dismissal with prejudice of the Litigation and the release of claims by Named Plaintiff and Opt-In Plaintiffs and other good and valuable consideration, Sogeti shall pay the Gross Fund to settle the Litigation.  The Gross Fund shall be all that Sogeti or Released Parties shall pay to settle the Litigation, with the sole exception of the Employer's Share of Payroll Taxes.  The Gross Fund is exclusive of any and all interest or investment income accrued on the Settlement Fund, which accrued interest/income shall revert to Sogeti.  All undistributed, unclaimed and/or unpaid amounts from the Net Settlement Fund as described in this Agreement after completion of the settlement process shall be redistributed to Opt-In Plaintiffs or distributed to the Settling Parties' designated *cy pres* recipient, as set forth in Section IV.A.7, above.

2.    Timing of Payment.  Within ten (10) days after the Effective Date and Sogeti's Counsel's receipt of wire information, Sogeti shall pay the full amount of the Gross Fund by wire transfer to the Settlement Fund to be established by the Settlement Administrator within five (5) days after the Effective Date.

C.    Settlement Administration.

1.    Settlement Administrator Responsibilities.  The Settlement Administrator shall be responsible for: (a) finalizing the calculations of the Settlement Awards for the Named Plaintiff and the Potential Opt-In Plaintiffs based on the allocation provided by Plaintiffs' Counsel, as well as the

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8ED-630A940B7936

redistribution amounts, if any, and the tax withholding amounts and the Employer's Share of Payroll Taxes; (b) preparing, printing and disseminating to the Named Potential Opt-In Plaintiffs the Settlement Packet and the Reminder Notice; (c) copying counsel for all Settling Parties on material correspondence and promptly notifying all counsel for the Settling Parties of any material requests or communications made by any Settling Party or Potential Opt-In Plaintiff; (d) receiving and reviewing the cashed checks for Opt-In Plaintiffs; (e) mailing redistribution checks, if any, to the Opt-In Plaintiffs; (f) wiring Plaintiffs' Counsel's Attorneys' Fees and Litigation Costs, and mailing the Service Payment[1] in accordance with this Agreement and order of the Court; (g) remitting the Employer's Share of Payroll Taxes in accordance with this Agreement; (h) issuing W-2 and 1099 Forms for the Settlement Awards and redistribution amounts, if any, paid to Opt-In Plaintiffs, issuing a 1099 Form for the Service Payment, Attorneys' Fees, and Litigation Costs and making all required Settlement Fund Tax filings; (i) ascertaining current address and addressee information for each Settlement Packet returned as undeliverable; (j) referring to Plaintiffs' Counsel all inquiries by Potential Opt-In Plaintiffs the Settlement Administrator cannot resolve and/or which involve matters not within the Settlement Administrator's duties specified herein; (k) responding to inquiries of Plaintiffs' Counsel or Sogeti's Counsel; (l) promptly apprising counsel for the Settling Parties of the activities of the Settlement Administrator; (m) maintaining adequate records of its activities, including the date of the mailing of the Settlement Packets, returned mail and other communications and attempted written or electronic communications with the Potential Opt-In Plaintiffs, and providing counsel for the Settling Parties with weekly reports regarding the same; (n) confirming in writing to Plaintiffs' Counsel and Sogeti's Counsel its completion of the administration of the settlement and retaining copies of all cashed settlement checks; (o) timely responding to communications from the

---

[1]     Named Plaintiff's checks shall be sent to her counsel, Stephan Zouras, LLP, for distribution.

Settling Parties or their counsel; and (p) such other tasks as are customarily and regularly performed by a settlement administrator and as the Settling Parties mutually agree.

        2.    <u>Reporting by Settlement Administrator</u>.  Throughout the period of settlement administration, the Settlement Administrator will provide such reports to the Settling Parties upon request by either Settling Party, regarding the status of the mailing of the Settlement Packets to Potential Opt-In Plaintiffs, the receipt of cashed settlement checks, the redistribution of unclaimed funds, if any, or any other aspect of the settlement administration process.

        D.    <u>Creation and Implementation of a Qualified Settlement Fund</u>.

        1.    <u>Establishing the Qualified Settlement Fund</u>.  The Gross Fund will be deposited in the Settlement Fund, intended by the Settling Parties to be a Qualified Settlement Fund as described in Section 458B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B, *et seq.*  The Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Section 486B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, *et seq.,* and shall be administered consistent therewith by the Settlement Administrator.

        2.    <u>Administering the Settlement Fund</u>.  The Settlement Administrator shall serve as trustee of the Settlement Fund and shall act as a fiduciary with respect to the handling, management, and distribution of the Settlement Fund, including the handling of tax-related issues and payments. The Settlement Administrator shall act in a manner necessary to qualify the Settlement Fund as a Qualified Settlement Fund and to maintain that qualification.  The Settling Parties and the Settlement Administrator shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment.

        3.    <u>Tax Withholding and Reporting</u>.

        a.    <u>Employment Taxes</u>.  The Settling Parties recognize that the Settlement Awards and redistribution amounts, if any, to Opt-In Plaintiffs will be subject to applicable tax

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8ED-630A940B7936

withholding and reporting and employer payroll taxes.  The Settlement Administrator shall be responsible for withholding, timely remitting and reporting to the appropriate taxing authorities the employee's share of payroll taxes to be withheld from the Settlement Award and redistribution amount, if any, of each Opt-In Plaintiff. Sogeti shall be responsible for paying, and the Settlement Administrator shall be responsible for remitting and reporting to the appropriate taxing authorities, the Employer's Share of Payroll Taxes for the Settlement Award and redistribution amount, if any, of each Opt-In Plaintiff.  Subject to the Settlement Administrator's obligation to comply with applicable laws, the Settling Parties anticipate that any amounts designated as a Service Payment, Attorneys' Fees, and Litigation Costs shall not be subject to withholding and shall be reported to the IRS on Forms 1099.

    b. <u>Fund Taxes</u>.  All Settlement Fund Taxes and Settlement Fund Tax Expenses shall be paid out of the Settlement Fund by the Settlement Administrator and the Settlement Administrator shall be responsible for all filings and reporting with respect to Settlement Fund Taxes. Further, Settlement Fund Taxes and Settlement Fund Tax Expenses shall be treated as a cost of the administration of the Settlement Fund.  The Settling Parties agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary for the Settlement Administrator to carry out the provisions set forth in this Section.

    c. <u>Other Payments and Indemnification</u>.  The Settlement Administrator shall satisfy from the Settlement Fund: all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting) and any and all taxes, penalties and other obligations with respect to the payments or distributions not otherwise addressed in this Agreement.  The Settlement Administrator shall indemnify the Settling Parties for any penalty, interest, or attorneys' fees arising out of an incorrect calculation or late deposit of the same.

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8ED-630A940B7936

      d.     <u>Communication with Sogeti and Counsel</u>.  Sogeti, Sogeti's Counsel, and Plaintiffs' Counsel are authorized to communicate directly with the Settlement Administrator to expedite the settlement administration process.

      E.     <u>Allocation of the Settlement Fund</u>.

      1.     <u>Settlement Awards</u>.  Plaintiffs' Counsel shall allocate the Settlement Awards for the Named Plaintiff and the Potential Opt-In Plaintiffs from the Net Settlement Fund on a pro rata basis based on the Named Plaintiff's and each Potential Opt-In Plaintiff's estimated unpaid overtime during the Applicable Class Period. Potential Opt-In Plaintiffs whose allocation falls below $250.00 under Plaintiffs' Counsel's allocation method will receive a minimum allocation of $250.00.

      a.     The computation of the Settlement Awards is based on timekeeping data from the "Life" system and provided by Sogeti. Sogeti represents and warrants that to the best of its knowledge and belief, the data supplied is accurate, and Sogeti further understands that this representation is a material term of this Agreement.

      b.     All Settlement Awards not claimed by Potential Opt-In Plaintiffs by negotiating their settlement checks shall be redistributed among the Opt-In Plaintiffs or distributed to the Settling Parties' designated *cy pres* recipient, as set forth in Section IV.A.7 above. In no event shall any portion of the Net Settlement Fund revert back to Sogeti.

      2.     <u>Settlement Fund Fees and Expenses</u>.  Settlement Administration Costs in an amount to be determined, but estimated to be $8,000.00, shall be paid from the Settlement Fund.

      3.     <u>Service Payment</u>.  Plaintiffs' Counsel shall seek Court approval of a service payment of $10,000.00 to the Named Plaintiff.  Sogeti will not oppose such motion.  The settlement is not conditioned upon the Court's approval of the requested service payment.  The Settlement Administrator will not withhold taxes from the Service Payment, but will report the Service Payment on an IRS Form 1099. Within twenty-one (21) days after the Effective Date, the Settlement Administrator shall pay to the Named Plaintiff the Service Payment approved by the Court.

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8ED-630A940B7936

4.     <u>Attorneys' Fees and Litigation Costs Amounts</u>.  Plaintiffs' Counsel shall make an application to the Court for an award of attorneys' fees in the amount of one-third (1/3) of the Gross Fund ($108,333.33).  In addition, Plaintiffs' Counsel shall make an application to the Court for $8,020.31 in litigation costs.  Sogeti will not oppose Plaintiffs' Counsel's motion for attorneys' fees and litigation costs.  The settlement is not conditioned upon the Court's approval of Plaintiffs' Counsel's petition for attorneys' fees and litigation costs in the stated amounts.  Payment of such approved Attorneys' Fees and Litigation Costs to Plaintiffs' Counsel shall be made in accordance with this Agreement and shall constitute full satisfaction of any and all obligations by Sogeti to pay any person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of the Named Plaintiff and any Opt-In Plaintiff.  The Settlement Administrator shall report the payment of the Attorneys' Fees and Litigation Costs to Plaintiffs' Counsel on an IRS Form 1099.  Within twenty-one (21) days after the Effective Date, the Settlement Administrator shall pay to Plaintiffs' Counsel, by wire transfer, the amount of Attorneys' Fees and Litigation Costs approved by the Court.

F.     <u>Payments to Potential Opt-In Plaintiffs</u>.

1.     <u>Timing of Payments</u>.  The Settlement Administrator will transmit the checks for the Settlement Awards to the Potential Opt-In Plaintiffs in the Settlement Packets, in accordance with the withholding and reporting requirements set forth below.

2.     <u>Taxes on the Individual Settlement Payments</u>.  The Settlement Awards to Potential Opt-In Plaintiffs and reallocation, if any, to Opt-In Plaintiffs shall be allocated 50% to back wages and 50% to liquidated damages.  The back wages shall be subject to all required employee paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state or local-specific statutory deductions) and other authorized or required deductions (garnishments, tax liens, child support, etc.).  The liquidated damages and any Service Payment shall be treated as non-wage income.  The Settlement Administrator shall report the back-wage payments

to the Internal Revenue Service ("IRS") on IRS Forms W-2 and shall report the liquidated damages and Service Payment on IRS Forms 1099.

    3. <u>Tax Advice</u>. Named Plaintiff acknowledges and agree that she has not relied upon any advice from Sogeti or Plaintiffs' Counsel as to the taxability of the payments received pursuant to this Agreement. Named Plaintiff and Opt-In Plaintiffs will be responsible for taxes due by them on the Settlement Awards, reallocation payments, if any, and/or Service Payment.

    4. <u>Employee Benefits</u>. The Settlement Awards and reallocation payments, if any, will not be included in compensation for the purpose of calculating employee benefits owed to Opt-In Plaintiffs, if any.

**V. RELEASE**

  A. <u>Release By Opt-In Plaintiffs</u>. Conditioned upon the Court's entry of the Approval Order, and in exchange for the monetary consideration recited in this Agreement, the Opt-In Plaintiffs, and the Named Plaintiff if the Court does not approve a Service Payment, shall have waived, released and forever discharged the Released Parties from the Released Claims.

  B. <u>General Release By Named Plaintiff</u>. In the event the Court approves a Service Payment, Named Plaintiff will additionally release, on behalf of herself and her heirs, representatives, successors, assigns, and attorneys, the Released Parties from any and all claims, demands, liabilities, debts, judgments, damages, expenses, administrative actions, causes of action or suits of any kind for or by reason of any matter, cause, or thing whatsoever, whether for tort, breach of express or implied employment contract, unjust dismissal, wrongful termination or under any federal, state, or local law dealing with discrimination or retaliation based on age, race, sex, national origin, handicap, religion, disability, or any other protected class and including any and all claims for incidental or consequential damages, expenses incurred, litigation expenses, court costs, attorney fees, tort or contractual damages of any kind, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive, which arose out of or are connected in any way, directly or indirectly, with

any and all claims the Named Plaintiff has now, may have or may have had against the Released Parties through and including the date of execution of this Agreement. This general release of all claims includes, but is not limited to, all claims arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act, the Family and Medical Leave Act, and the Fair Labor Standards Act, each as has been or may be amended from time to time, and any other federal, state, or local laws, the common law, and any other rules or regulations governing the relationship between an employer and employee.

## VI. NOTICES

All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or mailed, postage prepaid, by first-class mail to the undersigned persons at their respective addresses as set forth herein:

Counsel for Plaintiffs:

Ryan F. Stephan
Stephan Zouras, LLP
205 N. Michigan Ave., Suite 2560
Chicago, IL 60601
Tel: (312) 233-1550

Counsel for Sogeti:

Gerald D. Silver
Sullivan & Worcester LLP
1633 Broadway, 32nd Floor
New York, NY 10019
Tel: (212) 660-3096

## VII. REPRESENTATION BY COUNSEL

All of the Settling Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

## VIII. NO ADMISSION OF LIABILITY

Sogeti enters into this Agreement to avoid further expense and disruption to its business. The Settling Parties acknowledge and agree that liability for the actions that are the subject matter of this Agreement are denied and disputed by Sogeti. This Agreement and the settlement are a compromise

and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances. The Settling Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute with respect to any person or entity. Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute other than for purposes of enforcing this Agreement.

## IX. MODIFICATION OF AGREEMENT

This Agreement may not be modified or amended except in writing, signed by the affected Settling Parties or the respective counsel of record for the Settling Parties and as approved by the Court.

## X. CONSTRUCTION AND INTERPRETATION

A. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Settling Parties with respect to the subject matter contained herein and shall supersede all prior and contemporaneous negotiations between the parties.

This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement, or any specific term or condition thereof. The Named Plaintiff and Sogeti participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, neither the Named Plaintiff nor Sogeti may claim that any ambiguity in this Agreement should be construed against the other.

B. <u>No Reliance on Representations or Extrinsic Evidence</u>. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary or contradict its terms. In entering into this Agreement, the Settling Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence.

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8ED-630A940B7936

C.     <u>Controlling Law</u>.  This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of Illinois, both in its procedural and substantive aspects, and without regard for the principle of conflict of laws.

D.     <u>Severability</u>.  If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, except the Release, the remaining portions of this Agreement will remain in full force and effect to the extent that the effect of the Agreement remains materially the same and the obligations of the Settling Parties remain materially the same.

## XI.     COUNTERPARTS

This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement.  All counterparts of any such document together shall constitute one and the same instrument.  A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

## XII.     BINDING EFFECT

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement.  Without limiting the foregoing, this Agreement specifically shall inure to the benefit of Sogeti as well as the Released Parties.  Also without limiting the foregoing, this Agreement shall be binding upon the heirs, assigns, administrators, executors, beneficiaries, conservators, and successors of all Opt-In Plaintiffs.

## XIII.     ATTORNEY FEES, COSTS AND EXPENSES

Except as otherwise specifically provided herein, the Settling Parties shall bear responsibility for their own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them or arising out of the Litigation and shall not seek reimbursement thereof from any party to this Agreement.

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8ED-630A940B7936

However, in the event of any dispute to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of their reasonable attorneys' fees and costs from the non-prevailing party.

## XIV.   AUTHORITY OF COUNSEL

A.    <u>Facsimile, Electronic, and Email Signatures</u>.  Any Settling Party may execute this Agreement by signing or by causing its counsel to sign on the designated signature block below and transmitting that signature page *via* facsimile, email, or other electronic means to counsel for the other Settling Party.  Any signature made and transmitted by facsimile, email or other electronic means for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

B.    <u>Voluntary Signature</u>.  All Settling Parties agree that they have signed this Agreement, or authorized their counsel to sign this Agreement on their behalf, knowingly, voluntarily, with full knowledge of its significance, and without coercion.

C.    <u>Warranty of Counsel</u>.  Plaintiffs' Counsel warrant and represent that they are expressly authorized by the Named Plaintiff to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms.  Sogeti's Counsel warrants and represents that they are authorized to take all appropriate action required or permitted to be taken by Sogeti pursuant to this Agreement in order to effectuate its terms.

## XV.   WAIVER OF APPEAL

Provided that the Approval Order is consistent with the terms and conditions of this Agreement in all material respects, the Settling Parties all hereby waive any and all rights to appeal from the Approval Order, including all rights to any post-judgment proceedings, such as a motion to vacate or set-aside judgment, a motion for a new trial, and any extraordinary writ, and the Approval Order will

DocuSign Envelope ID: 2E2DB383-0D70-4013-B8ED-630A940B7936

become final and non-appealable at the time it is entered. The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings, or post-judgment proceedings.

## XVI. CONTINUING JURISDICTION

The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and the Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Agreement until all payments and obligations contemplated by the settlement have been fully carried out. This retention of jurisdiction encompasses any disagreement among the Settling Parties concerning the final forms of the Notice of Settlement or other documents necessary to implement this Agreement, and all other disputes regarding the Agreement and its implementation. Any action to enforce this Agreement shall be commenced and maintained in this Court.

## REMAINDER OF PAGE LEFT BLANK

DATED: _____

SOGETI

By: _____

Its: _____

DATED: _1/2/2018_

LACHELLE CAISON:

DocuSigned by:

*Lachelle Caison*

388EF11FE9AF457...   _____

DATED: _01/09/2018_

SOGETI

By: _ASEEM GUPTA_

Its: _EVP OPERATIONS_

DATED: _____

LACHELLE CAISON:

_____

# Exhibit A

## (Notice of Settlement)

## NOTICE OF SETTLEMENT OF COLLECTIVE ACTION LAWSUIT

### *Caison, et al. v. Sogeti USA, LLC, et al.*
Case No. 17-cv-2786, United States District Court, Northern District of Illinois

---

**As a Business Analyst who performed services for a Sogeti USA LLC client company, you are eligible for a payment from a collective action lawsuit settlement.**

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

The Court in the above-referenced collective action lawsuit regarding overtime claims against Sogeti USA LLC ("Sogeti") has approved a settlement. Because your rights may be affected by this settlement, it is extremely important that you read this Notice carefully.

### SUMMARY

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **CASH THE ENCLOSED SETTLEMENT CHECK** | By cashing, depositing, or otherwise negotiating the enclosed settlement check, you agree to participate in the settlement, opt-in to the collective action, and release your claims, as explained below. |
| **DO NOT CASH THE SETTLEMENT CHECK** | If you do not wish to participate in, or be bound by, the settlement, you should not cash the enclosed settlement check. |

**1.  Why did I get this notice?**

Sogeti's records show that you worked as a Business Analyst for a Sogeti client company between April 13, 2014 and November 17, 2017 and were not paid overtime compensation at 1 ½ times your regular hourly rate for time worked in excess of 40 hours in given workweeks.

The Court ordered that you be sent this notice because you have a right to know about a settlement of a collective action lawsuit and about all of your options. This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available to you.

**2.  What is this lawsuit about?**

This lawsuit is about whether Sogeti was required to pay Business Analysts overtime premium pay for the time they worked in excess of 40 hours per week. An employee filed this lawsuit as a as a collective action under the Fair Labor Standards Act ("FLSA") and class action under the Illinois Minimum Wage Law ("IMWL"). The person who filed the lawsuit is called the "Plaintiff." Sogeti is called the "Defendant." The Court overseeing this case is the United States District Court for the Northern District of Illinois.

Sogeti denies it did anything wrong and believes that Business Analysts were properly compensated. The parties have entered into this settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense. The Court has not made any ruling on the merits of the Plaintiff's claims or Defendant's defenses.

**3.  What is a collective action?**

In a "collective action," the Plaintiff sues on behalf of people who have similar claims. However, people with similar claims do not become part of the collective action until they opt into the collective action. You may opt into the collective action and become a "Collective Action Member" by cashing the enclosed settlement check by [75 days from mailing of Notice].

| **4.** | **Why is there a settlement?** |

The Court did not decide in favor of the Plaintiff or Defendant. Both sides believe they would have prevailed in this case, but there was no decision ruling in favor of either party. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Plaintiff and her attorneys think this settlement is best for all Collective Action Members.

## WHO IS IN THE SETTLEMENT

| **5.** | **How do I know if I will be included in the settlement?** |

You will be included in the settlement if you cash the enclosed settlement payment by [75 days from mailing of Notice].

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| **6.** | **What does the settlement provide?** |

Sogeti has agreed to pay a total of $325,000.00 to settle the case. The settlement funds are being used to pay Collective Action Members, as well as to pay attorneys' fees and costs, provide a payment to the Plaintiff for her service in the collective action, and pay the costs of administering the settlement.

After the deductions described above, the settlement funds were divided pro rata among Business Analysts who are covered by the settlement based on each Business Analyst's estimated unpaid overtime computed using the data from Sogeti's "Life" timekeeping system.

| **7.** | **How much will my payment be?** |

Based on the formula that has been approved by the Court based on data from Sogeti, your enclosed settlement payment is $[Amount]. Half of this payment amount is subject to deductions for applicable taxes and withholdings like any other paycheck, for which you will receive an IRS Form W-2, and half is not subject to deductions and will be reported on an IRS Form 1099. Neither Plaintiffs' Counsel nor Sogeti makes any representations concerning the tax consequences of this settlement or your participation in it, and you are advised to consult your own tax advisor if you have any questions regarding the tax treatment of any payments.

## HOW YOU GET A PAYMENT

| **8.** | **How can I get my payment?** |

Your settlement payment is enclosed. You have 75 calendar days from the date the check was mailed to cash/deposit your check. If you do not cash/deposit your check by [75 days from mailing of Notice], your settlement payment will be void, you will not receive another payment, and you will not be bound by the Release.

All unclaimed amounts remaining from uncashed checks after 75 calendar days will be redistributed to participating Collective Action Members, unless the cost of redistribution is impractical. In such case, the unclaimed amounts will be donated to the Chicago Bar Foundation.

| **9.** | **What am I giving up to get a payment and join the collective action?** |

You will not become a member of the collective action unless you cash the enclosed settlement payment by [75 days from mailing of Notice]. Once you cash the enclosed settlement payment, you cannot sue, continue to sue, or be part of any other lawsuit against Sogeti (or its former and present officers, directors, employees, attorneys, insurers, benefit plans, predecessors, successors, parents, subsidiaries, members and corporate affiliates) for any and all claims for unpaid wages, overtime or other compensation, fees/costs, liquidated damages, penalties, and all other relief under the FLSA, the IMWL, and all other state and local wage/hour and wage payment laws arising on or before November 17, 2017. In addition, by timely cashing the enclosed settlement payment, all of the Court's orders will apply to you and legally bind you.

| **10.** | **Am I protected from retaliation for participating in the settlement?** |

Sogeti understands and acknowledges that it has a legal obligation not to retaliate against any Collective Action Member who elects to participate in the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**11. How do I exclude myself from the settlement?**

If you don't want to opt-in to the collective action and participate in the settlement, and you want to keep the right to sue or continue to sue Sogeti on your own about the legal issues in this case, then you should not cash the enclosed settlement payment. If you do not cash the settlement payment, you will not be legally bound by anything that happens in the lawsuit. You may also be able to sue (or continue to sue) Sogeti in the future about the legal issues in this case. Please be advised that your claims are subject to statutes of limitations, which means they will expire on certain dates if you take no action. If you have a pending lawsuit against Sogeti, speak to your lawyer in that case immediately to see if the settlement will affect your other case.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in this case?**

The Court has decided that the lawyers at the law firm of Stephan Zouras, LLP are qualified to represent you and all Collective Action Members. These lawyers are called "Plaintiffs' Counsel." You will not be charged for these lawyers. You do not need to retain your own attorney in order to participate as a Collective Action Member.

**13. How will the lawyers be paid?**

The Court has approved a payment of one third of the settlement fund, or $108,333.33, to Plaintiffs' Counsel for attorneys' fees, plus reimbursement of their out-of-pocket costs and reasonable litigation expenses. These fees compensate Plaintiffs' Counsel for investigating the facts, litigating the case, and negotiating the settlement.

The Court has also approved payment of $10,000.00 to the Plaintiff who brought the lawsuit in recognition of the work she performed, the risks she took, and her service to the Collective Action Members. The attorneys' fees and costs, costs of the Settlement Administrator, and the service payment to the Plaintiff have been deducted from the settlement amount.

## GETTING MORE INFORMATION

**14. Are there more details about the settlement?**

This Notice summarizes the settlement. For more information, you may review the pleadings and other records in this lawsuit, including the detailed Settlement Agreement, at the Records Office of the Clerk of the United States District Court, located at 219 South Dearborn Street, Chicago, IL 60604.

**15. How do I get more information?**

Any questions regarding the settlement should be directed to Plaintiffs' Counsel at the addresses and/or telephone number below. If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify Plaintiffs' Counsel.

Ryan F. Stephan
Teresa M. Becvar
Stephan Zouras, LLP
205 N. Michigan Ave, Suite 2560
Chicago, Illinois 60601
Tel: 312.233.1550
Fax: 312.233.1560
lawyers@stephanzouras.com
www.stephanzouras.com

**PLEASE DO NOT CALL OR WRITE TO THE COURT ABOUT THIS NOTICE**

EXHIBIT B
**POTENTIAL OPT-IN PLAINTIFFS**

| | | | | | |
|---|---|---|---|---|---|
| Achhi, Anil | Kelkar, Swadhin | Newman Da Silva, | Dorsey, Douglas Lynn | Price, Lois Elaine | Somareddy, Poojitha |
| Adhikari, Arjun | Kolbeck, Michael | Nicholson, Melanie | Dove, Janice Elizabeth | Putnik, Joseph | Sora, Tinotenda |
| Aedayodi, Jose E | Korbut, Helen | Pandey, Nishant | Duesenberg, Abby | Ramesh, Amrutha | Subba, Bidhata |
| Amidei, Oliver | Kuruppachery, Jobby Jackson | Panjwani, Abhishek | Evans, Jenna | Ravindra, Jogesh | Subramanian, Kavitha |
| Ananthan, Premnath | Laguerre, Lance | Paschall, Margie Diane | Ferraro, Michael | Rodgers, Fiona | Vanguru, Akhila |
| Ananthula, Swetha Sravanthi | LaPorte, Robin Fern | Patel, Ankita | Fleischman, Paul | Sadowski, Bruce | Vanslyke, Terri |
| Apostal II, Henry A. | Maddela, Himabindu | Bickett, Brenda | Gandhi, Kamlesh V | Saha, Atish Kumar | Varkhedkar, Aishwarya |
| Avasia, Jasmine | Malik, Swati | Bischoff, Gary | Garg, Shruit | Santos, Michel Henrique dos | Vashishtha, Manasi |
| Babu, Preethi | Manne, Meghana | Blankenship, Eric | Gasper, John | Saransh, Fnu | Vedulla, Siddharth |
| Bajracharya, Manish | Martin, Theresa Marie | Bradley, John | George, Kelli Oliver | Satyanarayana, Nisha | Wali, Akshy |
| Bakshi, Shreemani | Martin, Toni | Brian, Corcoran | Patnakar, Sagar | Shah, Harsh | Wells, Gail Elizabeth |
| Betts, James Thomas | Martini, Sue | Buchwald, Vrinda Devi | Patwardhan, Pankaj | Shah, Hemant | Whatley, David M |
| Caison, Lachelle Lavon | Mehta, Simul | Caudill, Phillip Barret | Pavuluri, Venkata Radhika | Shah, Pujan | Wilson, Roxanne |
| Howell, Barry | Mieng, Kim Ky | Christman, Robert P | Perez, Melanie | Shaik, Mujeeb | Yentzer, Clark D |
| Jeswani, Tuhina | Morrison, Jeff | Dasgupta, Nandan | Peterson, Joycelyn Yvette | Sharma, Anisha | Bernardo Fernande |
| Kafle, Rojina | Mukundagiri, Lakshminarayanan | Depalma, Alessandro | Prabakaran, Sharannambiar | Singh, Khushwinder | |
| Kashyap, Gargi | Mutkekar, Poonam Ashok | Dhir, Sandeep | Pradhan, Nabina | Smith, Scott | |